# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-179-GCM-DCK

| | |
|---|---|
| MELISSA ANN KENDRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 11) filed September 10, 2010; and "Defendant's Motion For Judgment On The Pleadings" (Document No. 14) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 14-1), filed November 24, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Melissa Ann Kendrick ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On April 4, 2006, Plaintiff filed an application for a period of disability and disability insurance

benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling condition beginning January 1, 2006. (Transcript of the Record of Proceedings ("Tr.") 11). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 29, 2006, and again after reconsideration on January 10, 2007. (Tr. 11). Plaintiff filed a timely written request for a hearing on January 18, 2007. (Tr. 11). On October 27, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson ("ALJ"). (Tr. 11-22). On March 2, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 8-10).

Plaintiff filed a request for review of the ALJ's decision on April 16, 2009, which was denied by the Appeals Council. (Tr. 6). The March 2, 2009 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on February 18, 2010. (Tr. 1-3). Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on April 16, 2010. (Document No. 1). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.

1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 2006, and the date of his decision.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

3

The ALJ found that Plaintiff was not "disabled" at any time between January 1, 2006, and the date of his decision, March 2, 2009. (Tr. 21). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that the Plaintiff was not disabled.

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after her alleged disability onset date. (Tr. 13). At the second step, the ALJ found that Plaintiff's degenerative disc disease of the cervical and lumbar spine, an anxiety disorder and a depressive disorder, were severe impairments. (Tr. 13).[2] At the third step, the ALJ determined that

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

4

Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 13).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> sit/stand option on an occasional basis, can only occasionally climb, balance, stoop, crouch, kneel, or crawl, with no concentrated exposure to hazards such as moving machinery or unprotected heights and is further limited to unskilled work in a job with no public contact which is performed at a non-productive pace.

(Tr. 14). In making his finding, the ALJ considered that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. (Tr. 17).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a packer, a printer of T-shirts and Christmas balls, and a forklift operator. (Tr. 20). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 21). Specifically, the vocational expert ("VE") testified that according to the factors given by the ALJ, occupations claimant could perform included representative occupations such as an office equipment operator, a general office sorter, and a mail clerk. (Tr. 21). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2006, and the date of his decision, March 2, 2009. (Tr. 21).

Plaintiff on appeal to this Court makes the following assignments of error: (1) ALJ failed to ask a proper hypothetical question; (2) ALJ failed to comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to the opinion of the claimant's treating physician; (3) ALJ violated Social Security Ruling ("SSR") 00-4p and his duty to fully develop the record by failing to resolve with a full explanation conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles; (4) ALJ erred as a matter of law in evaluating Plaintiff's subjective complaints in failing to apply the regulatory factors set forth in SSR 96-7p and 20 C.F.R. § 404.1529 and made a conclusory credibility finding in violation of SSR 06-7p.; and (5) ALJ's decision violates the principles set out in SSR 86-8. (Document No. 11). The undersigned will discuss these contentions in turn.

A. **ALJ's Hypothetical Question**

In her first assignment of error, Plaintiff argues that the ALJ failed to "ask a proper hypothetical question." (Document No. 11, p.9). In support of her argument, Plaintiff points to the fact that the hypothetical posed to the VE did not include the phrase "simple, routine tasks," which Plaintiff highlights includes occupations with a reasoning level of 1 or 2. (Document No. 11, p. 13). Plaintiff notes that of the three jobs identified by the VE, only two are reasoning level 2, while the third position is a reasoning level 3. (Document No. 11, p. 13). Plaintiff concludes that the ALJ's failure to include the limitation of "simple, routine tasks" in the hypothetical posed to the VE resulted in the identification of jobs existing in significant numbers in the regional and national economy that are not properly fitted to the Plaintiff's RFC.

Defendant argues that the ALJ did provide the VE with an appropriate hypothetical. Defendant notes that the phrase "full range of light work," as used by the ALJ, is defined as "a

capacity for unskilled work that meets the exertional requirements of light work" and cites to SSR 85-15's definition of unskilled work in support of their argument that the hypothetical was proper. (Document No. 14-1, p.9). In pertinent part, SSR 85-15 defines the mental demands of unskilled work as including:

> The capacity to, on a sustained basis, understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.

SSR 85-15, "Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments," 1985 WL 56857, at *4 (1985). Defendant also notes that "at least one of the jobs the VE testified that Plaintiff could perform was consistent with a limitation to unskilled work, or simple routine work." (Document No. 14-1, p. 9).

The undersigned finds the Defendant's evidence of the definition of "full range of light work" to be persuasive on the issue of whether or not the ALJ posed a proper hypothetical to the VE. The definition of "full range of light work" embodies the "simple and routine tasks" limitation, and Plaintiff herself also acknowledges that "two of the three jobs cited by the VE, photocopy machine operator and sorter," are reasoning level 2 positions, which is the level associated with unskilled work. (Document 11, p. 13). Based upon this evidence, the undersigned finds that the ALJ did pose an appropriate hypothetical question to the VE, and that the VE identified occupations that encompassed the "simple, routine tasks" limitation set forth in the RFC.

### B. Weight Given to Treating Physician's Testimony

Next, Plaintiff contends that the ALJ "failed to comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to the opinion of the claimant's treating physician." (Document No. 11,

p.13). Plaintiff argues that the ALJ improperly disregarded the opinion of Plaintiff's treating physician without citing to "persuasive contradictory evidence" within the record. (Document No. 11, p.15) (citing from Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974)). In particular, Plaintiff relies on SSR 96-2p, which provides:

> The notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, "Giving Controlling Weight to Treating Source Medical Opinions," 1996 WL 374188 at *5, (July 2, 1996). Plaintiff argues that the ALJ erroneously relied upon non-examining physicians in support of his decision to afford little weight to the opinion of Plaintiff's treating physician, Dr. Lung. (Document No. 11, p. 16). Plaintiff contends that this evidence does not specifically contradict Dr. Lung's opinions, and therefore, is not entitled to controlling weight. (Document No. 11, p. 16).

Defendant agrees with Plaintiff that the ALJ afforded little weight to the treating psychologist Dr. Lung's opinion, but argues that this decision was supported by substantial evidence within the record that did contradict the doctor's opinion. (Document No. 14-1, p.6). Defendant asserts that the ALJ correctly afforded little weight to Dr. Lung's opinion that Plaintiff was "markedly limited in her functioning" because this opinion was contradicted by the physician's "own treatment notes, Plaintiff's activities of daily living, and the restrictions of problems in interpersonal relationships only." (Document No. 14-1, p. 6).

8

The undersigned finds Defendant's argument persuasive, and concludes that the ALJ did in fact identify substantial evidence within the record to support his decision to afford little weight to the opinion of the treating psychologist. In particular, the undersigned finds it compelling that "the majority of her [Dr. Lung's] notes deal with interpersonal issues as opposed to issues suggestive of more significant functional limitation," and finds that the ALJ reasonably concluded that the substantial evidence "of these [treating physician's] records in conjunction with the claimant's activities of daily living...is not consistent with the conclusion that the claimant is disabled from all employment." (Tr. 19).

### C. Conflict between Vocational Expert's Testimony and the Dictionary of Occupational Titles ("DOT")

In her third assignment of error, Plaintiff argues that the ALJ "violated SSR 00-4p and his duty to fully develop the record by failing to resolve with full explanation conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. (Document No. 11, p.17).

Plaintiff relies on SSR 00-4p and SSR 83-12 in support of her argument that "because the ALJ made no effort to reconcile the apparent conflict between the VE's testimony and the DOT and Social Security Ruling, the ALJ improperly relied on the VE's testimony." (Document No. 11, pp.18-19). Defendant argues that the ALJ did in fact seek VE testimony regarding the sit/stand limitation. (Tr. 49) (When providing the hypothetical to the VE, the ALJ added, "Additionally a sit/stand option on an occasional basis is required."). The record also shows that the ALJ specifically inquired as to whether anything in the VE's testimony conflicted with the DOT, to which the VE testified there was not, thus fulfilling the requirements of both SSR 00-4p and SSR 83-12. (Document No. 14-1, p. 11) (Tr. 51).

9

The undersigned finds Defendant's position persuasive. The Court's own review of SSR 00-4p shows that SSR 00-4p requires an ALJ to "identify and obtain a reasonable explanation for any conflicts" between the VE's testimony and the DOT. SSR 00-4p, "Use of Vocational Expert and Vocational Specialist Evidence," 2000 WL 1898704 at *1, (December 4, 2000). Furthermore, SSR 00-4p recognizes several examples of reasonable explanations for conflicts between VE testimony and the DOT, which include the reasonable explanation that the "DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE may be able to provide more information about jobs or occupations than the DOT." SSR 00-4p, 2000 WL 1898704 at *2.

In the instant case, the ALJ properly included the sit/stand requirement within the hypothetical posed to the VE, and the VE tailored his responses of potential occupational tasks that Plaintiff could perform with attention to this limitation. (Tr. 50). Moreover, SSR 00-4p also highlights that a VE's testimony that "includes information not listed in the DOT" is also a reasonable explanation. Id. Here, the information regarding the sit/stand limitation is additional information to that found within the DOT. (Document No. 14-1, p. 11). Finally, as noted above, the ALJ also fulfilled the requirements of SSR 83-12 by confirming that the VE's testimony was consistent with the DOT (Tr. 51). As such, the undersigned will not recommend remand based on this alleged error.

**D. Evaluation of the Subjective Complaints of Plaintiff**

In her fourth assignment of error, Plaintiff alleges that the ALJ "erred as a matter of law in evaluating Plaintiff's subjective complaints in failing to apply the regulatory factors set forth in SSR 96-7p and 20 C.F.R. § 404.1529 and making a conclusory credibility finding in violation of SSR 96-

7p." (Document No. 11, p.19). Plaintiff argues that the ALJ failed to properly analyze the Plaintiff's subjective complaints using the factors set forth in 20 C.F.R. §§404.1529(c)(1)-(c)(3).

In pertinent part, 20 C.F.R. §404.1529(c)(1)-(c)(3) lists the following factors that an ALJ must weigh when determining whether or not a Plaintiff's subjective testimony about disabling pain is credible:

> (1) The Plaintiff's daily activities; (2) the location, duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication Plaintiff takes or has taken to alleviate pain; (5) treatment, other than medication, you receive or have received for relief of pain; (6) any measures Plaintiff has used to relieve pain; (7) other factors concerning Plaintiff's functional limitations and restrictions due to pain.

20 C.F.R. § 404.1529(c)(1)-(c)(3) (2010). Plaintiff also argues that the ALJ was required to provide "specific reasons for the credibility finding" and cites SSR 96-7p in support of this assertion. (Document 11, p. 20) (citing SSR 96-7p, "Evaluation of Symptoms in Disability Claims," 1996 WL 374186 at *1, (July 2, 1996)). Plaintiff argues that the "ALJ selectively cites from medical records to support his conclusion and ignores Ms. Kendrick's ongoing attempts to obtain relief from her pain." (Document 11, p. 24).

Defendant argues that the ALJ did in fact analyze Plaintiff's subjective testimony in light of the factors set forth in 20 C.F.R. §§ 404.1529 (c)(1)-(c)(3) and cited substantial evidence for his conclusion within his decision. In particular, Defendant notes that the ALJ relied on Plaintiff's daily activities, and Plaintiff's own testimony about her response to treatment and medications, to support his conclusion that Plaintiff's subjective testimony about disabling pain was not supported by substantial evidence in the record. (Document No. 14-1, p. 4) For example, the ALJ asked Plaintiff

11

how a January 2008 surgery had helped her problems, to which the Plaintiff responded, "It has helped with the pain down in my leg. I don't have so much pressure on my lower back, but I still have pain in my hip, and I have a lot of problems with my leg." (Tr. 38). Later on, the ALJ questioned Plaintiff about how her medication has helped alleviate her pain, to which Plaintiff responded, "It helps ease it." (Tr. 39).

The undersigned is persuaded that the ALJ relied on substantial evidence within the record, appropriately considered in light of the factors set forth in 20 C.F.R. §404.1529(c)(1)-(c)(3), when making his determination that Plaintiff's subjective complaints of disabling pain were not entirely credible. (Tr. 18). Plaintiff's activities of daily life, which included such things as water "walking" aerobics at the YMCA, driving her son to school, cooking small meals, doing the laundry, going grocery shopping, and straightening up her apartment, are all activities performed on a daily basis by Plaintiff that "undermine her complaints of disabling pain." (Document No. 14-1, p. 4) (quoting Tr. 18) ("She admitted that her medication eases her pain and that she experiences no side effects from the medication. The claimant's ability to engage in the above-described daily living activities supports a finding that her impairments are not as disabling as she now alleges."). In addition, the objective medical evidence within the record also undermines Plaintiff's assertion, particularly with regard to evidence about improved symptoms after various treatments and medication that provides some relief to Plaintiff without any negative side effects. (Document No. 14-1, p. 5).

In light of the objective medical evidence and Plaintiff's activities of daily living, the undersigned finds that the ALJ did in fact analyze Plaintiff's subjective testimony in light of the factors required by 20 C.F.R. §404.1529 and relied upon substantial evidence within the record in

making the determination that Plaintiff's subjective testimony about disabling pain was not entirely credible.

E. **ALJ Violation of SSR 86-8**

In her final assignment of error, Plaintiff argues that the ALJ's decision "violates the principles set out in SSR 86-8." (Document No. 11, p. 24). SSR 86-8 provides that when making a final determination on the disability status of a Plaintiff, "reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence." SSR 86-8, "The Sequential Evaluation Process," 1986 WL 68636 at *8, (1986). Plaintiff argues that the ALJ made his final determination without "evidence to support his conclusion." (Document No. 11, p. 24). The Defendant argues that the ALJ made his decision with extensive reference to the record. (Document No. 14-1, p.12) ("The record does not reflect that the ALJ made presumptions, or impermissibly interpreted the evidence where all of his findings were supported by medical opinions and findings.")

Upon review of the record, the undersigned does not find for Plaintiff's claim that the ALJ based his decision entirely upon presumptions and speculations. Rather, the ALJ's decision indicates his close attention to the evidence within the record. Furthermore, since Plaintiff has failed to cite to any specific instance in which the ALJ did not in fact rely upon the substantial evidence and adequately cite to the record when making his decision, the undersigned does not find any merit in this particular assignment of error.

IV. **CONCLUSION**

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the

Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 10) be **DENIED**; "Defendant's Motion For Judgment On The Pleadings" (Document No. 14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Graham C. Mullen.

**IT IS SO RECOMMENDED**.

Signed: June 8, 2011

David C. Keesler
United States Magistrate Judge